**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Dec 19 2014, 10:20 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**JACK QUIRK**
Muncie, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**GRAHAM T. YOUNGS**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JOSEPH D. HASKINS III, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 18A02-1408-CR-553 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE DELAWARE CIRCUIT COURT
The Honorable Kimberly S. Dowling, Judge
Cause No. 18C02-0909-FC-23

**December 19, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**NAJAM, Judge**

## STATEMENT OF THE CASE

Joseph D. Haskins III appeals the trial court's revocation of his probation. Haskins raises a single issue for our review, namely, whether the State presented sufficient evidence to support the revocation of his probation. We affirm.

## FACTS AND PROCEDURAL HISTORY

On May 20, 2010, Haskins pleaded guilty to criminal recklessness, as a Class C felony. The trial court sentenced Haskins to four years, with two years suspended to probation. As a condition of his probation, Haskins was ordered to not commit new crimes. On December 1, 2011, the State filed a notice of probation violation after Haskins had been charged with intimidation, as a Class D felony. Haskins admitted to the probation violation and the court ordered him to serve an additional eighteen months on probation.

On July 25, 2013, the State filed a second notice of probation violation, in which the State alleged that Haskins had been arrested and charged with unlawful possession of a firearm by a serious violent felon, as a Class B felony; receiving stolen property, a Class D felony; and resisting law enforcement, as a Class A misdemeanor. The State later amended its petition to add that Haskins had also been charged with intimidation, as a Class D felony, and obstruction of justice, a Class D felony.

On July 10, 2014, the court held a fact-finding hearing on the State's amended second notice. At that hearing, Haskins' probation officer, Connie Pickett, identified Haskins in court and testified that he was one of her probationers. The State then offered into evidence a bench trial order of the Delaware Circuit Court—the same court hearing

Haskins' probation-revocation hearing—which identified the defendant as "Joseph D. Haskins" and his attorney as "Jack A. Quirk." State's Ex. 1. Haskins was represented at his probation-revocation hearing by Jack Quirk. The bench trial order further stated that Haskins had been found guilty of "Carrying a Handgun Without a License . . . , enhanced to a Class C felony." Id. And the bench trial order was signed by Judge Dowling, the same judge presiding over Haskins' probation-revocation hearing.

Following the parties' arguments, the court revoked Haskins' probation and ordered him to serve eighteen months in the Department of Correction. This appeal ensued.

## DISCUSSION AND DECISION

On appeal, Haskins argues that the trial court abused its discretion when it revoked his probation. As our supreme court has explained:

> Probation is a matter of grace left to trial court discretion, not a right to which a criminal defendant is entitled. The trial court determines the conditions of probation and may revoke probation if the conditions are violated. Once a trial court has exercised its grace by ordering probation rather than incarceration, the judge should have considerable leeway in deciding how to proceed. If this discretion were not afforded to trial courts and sentences were scrutinized too severely on appeal, trial judges might be less inclined to order probation to future defendants. Accordingly, a trial court's sentencing decisions for probation violations are reviewable using the abuse of discretion standard. An abuse of discretion occurs where the decision is clearly against the logic and effect of the facts and circumstances.

Prewitt v. State, 878 N.E.2d 184, 188 (Ind. 2007) (citations omitted).

Haskins' only argument on appeal, which spans all of one paragraph, is that "[t]here was no evidence presented to the court that Joseph Haskins was the same Joseph Haskins who was convicted" on the firearm charge. Appellant's Br. at 6. In support,

3

Haskins relies on Baxter v. State, 774 N.E.2d 1037, 1044 (Ind. Ct. App. 2002), trans. denied. In Baxter, we held that the trial court erred when it admitted a law enforcement incident report that was uncertified, unverified, and unsigned by a relevant officer. Id. at 1043. As this report was the State's only evidence that the probationer had violated the conditions of his probation, we held that, "[a]bsent the erroneously admitted incident report, the State presented no evidence of probative value" and "failed to identify" the probationer "as a participant in the alleged" other offenses. Id. at 1044.

That is not the case here. Haskins has not objected to the State's Exhibit 1, the bench trial order. And that order was prepared by the same judge who presided over the probation-revocation hearing; it followed a bench trial in the same court as the probation-revocation hearing; it named "Joseph D. Haskins"; and it stated that Haskins was represented by the same attorney who represented Haskins at the probation-revocation hearing. State's Ex. 1. At the very least, the trial judge was in a position to take judicial notice that the man against whom she had entered a judgment of conviction on the firearm charge was the same man before her in the probation-revocation hearing. Baxter is inapposite, and the State presented sufficient evidence to support the revocation of Haskins' probation. We affirm the trial court's judgment.

Affirmed.

MATHIAS, J., and BRADFORD, J., concur.